**Lena BOGAN, Administratrix of the Estate of Aye Eldridge, Deceased, Appellant,**

v.

**Agnes FINN and Associates Finance Company, Bowling Green, Kentucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Roy L. Steers, Franklin, for appellant.

Joe P. Clark, Franklin, August Winkenhofer, Jr., Bowling Green, for appellees.

CLAY, Commissioner.

This action was brought by the administratrix of the estate of Aye Eldridge to recover from defendant Agnes Finn an automobile at one time owned by Eldridge, or the value thereof. The complaint was dismissed on the ground that the plaintiff had failed to state a claim upon which relief could be granted. Since defendant's answer and proof were considered on the motion to dismiss, in effect a summary judgment was entered, but the only question presented below and on this appeal is one of law.

In July, 1954, Eldridge purchased a Pontiac automobile and executed a chattel mortgage to secure the payment of the unpaid balance, amounting to something over $1,800. Credit insurance was taken out on the life of Eldridge to cover this unpaid balance in the event of his death. On November 8 the automobile was transferred by Eldridge to defendant Finn, and the bill of sale was duly recorded in the Warren County Court Clerk's office, the recited consideration being $1.

On November 28 Eldridge died, whereupon the insurance company paid the assignee of the mortgage the unpaid balance due, which then amounted to $1,563. The underlying claim is that Eldridge's estate, rather than defendant Finn, should benefit from this insurance payment.

■ Many contentions are made by plaintiff. The first is that the purported sale by Eldridge to Finn was invalid because Eldridge had agreed with the seller and the assignee of the mortgage that he would not transfer it without their consent. The obvious answer to this contention is that a breach of the agreement between Eldridge and the seller and assignee, while it may have given rise to a cause of action in behalf of the latter, in no way affected the title to the automobile.

■ It is next contended that if Eldridge did transfer title, it was only to the extent of his interest in the automobile, which was the equity over and above the balance due. The answer to this contention is that the mortgage lien did not impair his ownership or title, and the bill of sale transferred his entire ownership to defendant Finn.

■ Plaintiff next contends that the sale was invalid because Eldridge retained possession of the automobile. The record does not sustain this contention, but even if it did, it would not invalidate the transfer of title as between Eldridge and Finn.

It is next claimed that there was no consideration for this transfer. Assuming consideration to be required (the automobile could have been a gift), defendant alleged the consideration to be the assumption of the mortgage indebtedness on the automobile. It is then maintained that this consideration failed.

■ Defendant's agreement to assume the mortgage indebtedness was to relieve Eldridge of liability therefor. The insurance contract was a part of the transaction and existed for the same purpose, in the event of his death. The fact that defendant was relieved of paying this indebtedness (because paid by the insurance company) did not result in a loss to Eldridge or his estate. As far as Eldridge or his estate is concerned, it is the same as if defendant herself satisfied the indebtedness. The essential consideration was the payment of the debt, not the payment by defendant. Eldridge received in full all he had bargained for, i. e., release from liability.

Plaintiff presents an argument with respect to the insurable interest of the assignee of the mortgage, which we are unable to follow.

■ Finally, it is argued that defendant was unjustly enriched, and the estate was entitled to the enrichment. We can find no basis for such claim. In the first place, when defendant assumed the balance due on the purchase price, she also acquired the right to have the account liquidated by the insurance company in the event of Eldridge's death. To say that her realization of this contingent benefit constituted unjust enrichment is to pervert the meaning of the term.

■ On the other hand, Eldridge's estate likewise benefited from the payment by the insurance company because it relieved his estate of this indebtedness. Still further, on a claim of unjust enrichment

the claimant must not only show the other party has received benefit but that it has been at claimant's expense. 91 C.J.S., Unjust Enrichment, p. 490. No such showing has been made here.

█ Finally the element of injustice is lacking. Reduced to its essence, plaintiff's claim is simply that defendant benefited because an insurance company paid their joint indebtedness and the plaintiff would like to have the money. Since neither the insurance company nor defendant Finn ever were obligated to pay Eldridge a single penny, there is no legal or equitable basis for the claim. The trial court rightly so adjudged.

The motion for appeal is denied and the judgment is affirmed.